IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ALI ALSHAMI, | ) | |
| | ) | Case No. CV08-265-S-BLW |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM ORDER** |
| vs. | ) | |
| | ) | |
| CORRECTIONAL OFFICER TAM, | ) | |
| | ) | |
| Defendant. | ) | |
| ————————————————— | ) | |

Pending before the Court is Defendant Tam's Motion for Summary Judgment
(Docket No. 12). Plaintiff has not responded to the Motion. Having fully reviewed the
record, the Court finds that the facts and legal arguments are adequately presented in the
briefs and record. Accordingly, in the interest of avoiding further delay, and because the
Court conclusively finds that the decisional process would not be significantly aided by
oral argument, this matter shall be decided on the record before this Court without oral
argument. D. Idaho L. R. 7.1.

## BACKGROUND

Plaintiff is incarcerated at the Idaho State Correctional Institution. On February 7,
2008, Plaintiff slipped and fell on a wet floor in Unit 14. Complaint (Docket No. 1) at 1.
Plaintiff allegedly sustained a six-inch long and three-inch wide tear in his leg. *Id.*
Plaintiff claims that, on the day of the accident, there were no orange safety cones to warn
Plaintiff that the floor was wet and slippery. *Id.*

**MEMORANDUM ORDER - 1**

Plaintiff submitted two affidavits of inmate janitors, which he attached to his Complaint.  Inmate Mike Walters states that in December of 2007, Defendant Tam removed all of the safety cones from Unit 14 and told the janitors they did not need the cones anymore.  *Id.*, Affidavit of Mike Walters.  Inmate Afton Campbell states that a couple of weeks prior to the accident, "officers" removed all the safety cones and wet floor signs from the Unit.  *Id.*, Affidavit of Afton Campbell.

Defendant denies removing the cones from the Unit.  Affidavit of Alexa Tam (Docket No. 12-4) ("Tam Affidavit") at ¶ 6.  Defendant states that when she became responsible for the janitorial supplies on Unit 14, she "specifically inventoried the Unit to make sure there were enough cones." *Id.* at ¶¶ 5.  She instructed the janitors to put out safety cones whenever they were mopping and not to mop unless they used the cones.  *Id.* at ¶ 3.

## MOTION FOR SUMMARY JUDGMENT

### A.    Summary Judgment Standard

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  One of the principal purposes of summary judgment "is to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  It is "not a disfavored procedural shortcut," but is instead the "principal tool[] by which factually insufficient claims or defenses [can] be isolated and prevented from going

**MEMORANDUM ORDER - 2**

to trial with the attendant unwarranted consumption of public and private resources." *Id.*

at 327.  "[T]he mere existence of *some* alleged factual dispute between the parties will not

defeat an otherwise properly supported motion for summary judgment; the requirement is

that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 247-48.  Material facts are those that may affect the outcome of the case.  *See*

*id.* at 248.

The moving party bears the initial burden of demonstrating the absence of a

genuine issue of material fact.  *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)

(en banc).  To carry this burden, the moving party need not introduce any affirmative

evidence, but may simply point out the absence of evidence to support the non-moving

party's case.  *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000).

This shifts the burden to the non-moving party to produce evidence sufficient to

support a jury verdict in his or her favor.  *Id.*  The non-moving party must go beyond the

pleadings and show by affidavits or by discovery or disclosure materials that a genuine

issue of material fact exists.  Fed. R. Civ. P. 56(c).  *See also Celotex*, 477 U.S. at 324.

**B.**     **Section 1983 Standard**

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute.  To state

a claim under § 1983, a plaintiff must allege a violation of rights protected by the

Constitution or created by federal statute proximately caused by conduct of a person

**MEMORANDUM ORDER - 3**

acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).[1]

 Section 1983 is "'not itself a source of substantive rights,' but merely provides 'a method

for vindicating federal rights elsewhere conferred.'"  *Graham v. Connor*, 490 U.S. 386,

393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

 Plaintiff asserts violations of the Eighth Amendment.  To state a claim under the

Eighth Amendment, Plaintiff must show that he is incarcerated under conditions posing a

substantial risk of serious harm.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Plaintiff

must also show that Defendant was deliberately indifferent to the substantial risk of

serious harm.  Deliberate  indifference exists when an official knows of and disregards a

condition posing a substantial risk of serious harm or when the official is "aware of facts

from which the inference could be drawn that a substantial risk of harm exists," and

actually draws the inference.  *Id.* at 837.

 In order to meet the objective component of an Eighth Amendment claim, the

deprivation must be sufficiently "grave" or "serious."  *Wilson v. Seiter*, 501 U.S. 294, 298

(1991).  Mere negligence will not support a § 1983 claim.  *Daniels v. Williams*, 474 U.S.

---

[1] The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State, . . . subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction thereof
> to the deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

**MEMORANDUM ORDER - 4**

327 (1986).

**C.      Defendant's Actions Were Not Deliberately Indifferent.**

Inmate Walters testified that Defendant removed the cones, while Defendant testified she did not.  This factual dispute does not prohibit summary judgment because, even assuming Defendant removed the cones, she was not deliberately indifferent to a substantial risk of harm.

Defendant states that she specifically inventoried the number of cones and instructed the janitors to use safety cones at all times when mopping. Tam Affidavit at ¶¶ 3, 5.  She took care in making sure the Unit had enough cones to protect inmate safety. *Id.* at ¶ 5.  She told the janitor never to mop without using safety cones.  *Id.* at ¶ 3.  These facts are not in dispute.  Assuming Defendant later removed the cones, at most her actions constituted negligence.  Negligence is insufficient to support a claim under § 1983.

Defendants have met their burden of showing that there is no evidence in the record suggesting Defendant was deliberately indifferent.  The burden thus shifted to Plaintiff to come forward with evidence supporting his claim of deliberate indifference.  However, Plaintiff submitted nothing in response to the Motion.  Therefore, because Defendant was not deliberately indifferent to a substantial risk of harm in removing the cones, she is entitled to summary judgment.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (Docket No. 12) is GRANTED.

**MEMORANDUM ORDER - 5**

IT IS FURTHER HEREBY ORDERED that Plaintiff's Complaint (Docket No. 1) is DISMISSED with prejudice.



DATED:  **July 23, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM ORDER - 6**